**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MOHSEN AHMED,

Plaintiff,

v.

U.S. SMALL BUSINESS ADMINISTRATION,

Defendant.

Case No. 25-cv-3523-BJC-VET

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 9]**

On December 10, 2025, Plaintiff Mohsen Ahmed, proceeding pro se, filed this action asserting violations of the Freedom of Information Act ("FOIA"), 5 U.S.C.§ 552, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706 against Defendant U.S. Small Business Administration. ("SBA"). ECF No. 1. SBA now moves under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiff's Complaint. ECF No. 9. Plaintiff has filed an opposition to Defendant's motion, to which SBA replied. ECF Nos. 13, 14. For the reasons set forth below, SBA's motion to dismiss is **GRANTED**.

//

//

//

//

## I. FACTUAL BACKGROUND[1]

Plaintiff is a small business owner who filed an SBA 8(a) Business Development Program[2] application for Tiger Construction LLC in November 2023. He has faced extensive delays in the completion of his application and has now filed the present action under FOIA and the APA to obtain documents related to that application.

The first delay occurred when SBA closed his initial application without notice during a system update. At some point thereafter, Plaintiff filed a new 8(a) application. On March 24, 2025, SBA informed Plaintiff that review was finished, and the application required final director approval. However, SBA took no action.

On July 31, 2025, after waiting over four months for director approval, Plaintiff submitted a FOIA request seeking internal communications and documents related to his 8(a) application. SBA acknowledged the request on August 7, 2025, and stated it would respond by August 29, 2025. SBA did not respond by the deadline. On September 2, 2025, Plaintiff sent SBA a noncompliance notice.

On September 4, 2025, Plaintiff filed a FOIA appeal. On September 26, 2025, SBA's FOIA Appeals Office issued a formal written decision remanding the request to the Office of Government Contracting and Business Development ("GCBD") with instructions to provide a determination within 10 business days. The federal government shut down on October 1, 2025, pausing FOIA processing until the government reopened on November 13, 2025. On November 13, 2025, Plaintiff emailed SBA letting them know that the remand clock had resumed. On November 17, 2025, Plaintiff sent another follow-up email. SBA did not respond to either inquiry but sent a separate communication stating "their

---

[1] The facts are taken from the Complaint unless otherwise noted.

[2] The SBA 8(a) Business Development Program is a "[f]ederal contracting and training program for experienced small business owners who are socially and economically disadvantaged." U.S. Small Business Administration, https://www.sba.gov/federal-contracting/contracting-assistance-programs/8a-business-development-program (last visited July 22, 2026).

office anticipates completing the processing of your FOIA request by December 5, 2025." Plaintiff did not receive any response.

## II. PROCEDURAL BACKGROUND

On December 10, 2025, Plaintiff filed the Complaint in this action. ECF No. 1. On February 17, 2026, Defendant SBA filed the present Motion to Dismiss. ECF No. 9. Plaintiff filed an opposition on February 25, 2026. ECF No. 13. Defendant filed a Reply on March 17, 2026.

## III. LEGAL STANDARD

### A. Rule 12(b)(1)

Article III, Section 2 of the Constitution limits federal courts to hearing "actual cases or controversies." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016), *as revised* (May 24, 2016). This limitation means the plaintiff must have standing to sue. *Id.* at 338. To establish standing, a plaintiff must demonstrate the "irreducible constitutional minimum" of: (1) an injury in fact via "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) causation or traceability—that the injury is "fairly traceable to the challenged action of the defendant"; and (3) redressability—that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal citations and quotations omitted). "Each element of standing 'must be supported . . . with the manner and degree of evidence required at the successive stage of the litigation.'" *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) (quoting *Lujan*, 504 U.S. at 561).

A motion to dismiss for lack of standing is brought pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (noting that "[b]ecause standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss"). Such a motion can be facial or factual in nature. *Pride v. Correa*, 719 F.3d 1130, 1139 (9th Cir. 2013); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003)

(explaining that pursuant to Rule 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence"). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In ruling on a Rule 12(b)(1) motion attacking the complaint on its face, the Court accepts the allegations of the complaint as true. *See, e.g.*, *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039.

**B. Rule 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

//

//

**C. FOIA**

"Congress designed FOIA 'to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.'" *Animal Legal Defense Fund v. US Dept. Ag.*, 935 F.3d 858, 861 (9th Cir 2019)(citing *Air Force v. Rose*, 425 U.S. 352, 361 (1976). FOIA provides for public release of government information though proactive disclosures and when specifically requested. 5 U.S.C. § 552. The statute exempts nine categories of information from release. § 552(b)(1)-(9). In an effort to further the statute's goals, FOIA bestows jurisdiction on a district court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). An agency must respond to a request within twenty business days. 5 U.S.C. §§ 552(a)(6)(A)(I). If the agency fails to satisfy this timeline, the individual making the request is deemed to have exhausted administrative remedies and may file suit against the agency in federal court to release the records. 5 U.S.C. § 552(a)(6)(C)(i).

**D. APA**

"The APA authorizes suit by '[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute.'" *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 61 (2004)(citing 5 U.S.C. § 702.) Under § 706(1), a claim may "proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Id.* at 64. If a plaintiff identifies a mandatory discrete agency action, the "plaintiff must then further demonstrate that the agency unreasonably delayed or unlawfully withheld processing its decision." *Asmai v. Johnson*, 182 F.Supp.3d 1086, 1093 (E.D.Cal. 2016). Under § 706(2)(A), a plaintiff must identify a final agency action to invoke jurisdiction. *Ukiah Valley Med. Ctr. v. FTC,* 911 F.2d 261, 266 (9th Cir. 1990).

**IV. DISCUSSION**

Defendant argues that Plaintiff's claim for violations of the APA is barred because it is "premised on [SBA's] alleged violations of FOIA, and FOIA provides an adequate and

exclusive remedy for the requested relief." Mot. ECF No. 9 at 1. To the extent Plaintiff's APA claim is premised on SBA conduct other than the response to his FOIA request, Defendant contends that Plaintiff fails to identify a final agency action that is sufficient to invoke the court's jurisdiction under either § 706(1) or 706(2)(a).

"Where FOIA provides a plaintiff with an adequate remedy, a related APA claim will be precluded." *Bedgood v. Mabus,* 2015 WL 3647933. * 4 (S.D. Cal. June 8, 2015)(citing *San Diego Navy Broadway Complex Coal. v. U.S. Dep't of the Navy*, 2008 WL 110900, at *4 (S.D.Cal. Jan. 9, 2008) (granting summary judgment on APA claim that sought a remedy that was adequately provided by FOIA). Here, the Complaint requests relief from SBA's "ongoing refusal to comply with" FOIA. ECF ¶ 1. Plaintiff seeks "internal SBA communications, case notes, status logs, and records showing how the agency processed – and ultimately delayed – his 8(a) application." ECF No. 1 at 2.

Plaintiff's first cause of action asserts violations of FOIA, arguing that SBA unlawfully withheld and delayed production of the documents and "failed to make a determination within statutory time limits" ECF No. 1 ¶¶ 30-36. Plaintiff's second cause of action asserts violations of the APA, arguing that SBA's "refusal to act" and repeated delays entitle him to relief under § 706(1) and § 706(2). As pled, the FOIA and APA claims seek redress for the same conduct, specifically, SBA's failure to comply with FOIA in a timely manner. In his Opposition, Plaintiff contends that his "APA claim challenges a separate injury: the SBA's prolonged failure to issue a final eligibility determination on Plaintiff's completed 8(a) Business Development Program application" and that he is not seeking disclosure of documents, but instead he "seeks adjudication of a pending 8(a) application." ECF No. 13. However, these are new assertions. Plaintiff does not state *in the Complaint* that the relief he is seeking under his APA claim is for SBA to adjudicate the application. Plaintiff cannot supply the necessary elements of a claim in his opposition. Instead, they must be contained within the operative Complaint. Although the Court is commanded to apply a more lenient lens to pro se pleadings, it "may not supply essential elements of the claim that were not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th

Cir. 1992); *Ahmed v. Wormuth,* No. 22-CV-4365, 2023 WL 2309776, * 3 (N.D.Cal. Feb. 28, 2023); *Johnson v. Liberty Mut. Ins.*, No. 12-CV-01851, 2013 WL 415585, at *2 (N.D. Cal. Jan. 31, 2013) (declining to consider new factual allegations in a pro se opposition to a motion to dismiss).

Moreover, the relief Plaintiff seeks is for the Court to order SBA to produce all non-exempt requested records and order SBA to provide a Vaughn index, which are remedies available under a FOIA cause of action.[3] ECF No. 1. Plaintiff does not allege a cause of action under the APA seeking relief that is different from the relief he seeks in his FOIA claim. Because FOIA provides an "adequate remedy" for the requested relief, Defendant's motion to dismiss Plaintiff's second cause of action for violations of the APA is granted.

To the extent Plaintiff's APA claim is based on SBA conduct other than its response to his FOIA request, it must be dismissed because it does not identify the challenged conduct, thus failing to establish the Court's jurisdiction. "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Norton v.* 542 U.S. at 64 (2004). Delay of a discrete agency action can also provide relief under the APA, and "courts generally apply the so-called TRAC factors in deciding whether to order relief in claims of agency delay brought under the APA." *Independence Mining Co. v. Babbitt,* 105 F.3d 502, 507 (9th Cir. 1997) (citing *Telecom. Res. & Action Center ("TRAC") v. F.C.C.*, 750 F.2d 70, 79–80 (D.C Cir. 1984).) A court balances the following TRAC factors:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"[;] (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason [;] (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake [;] (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;] (5) the court should also take into account the

---

[3] Plaintiff also asks for the Court to "declare SBA's conduct arbitrary and capricious in violation of the APA," but he does not specify the conduct that violates the APA.

> nature and extent of the interests prejudiced by the delay[;] and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Independence Mining*, 105 F.3d at 507 n. 7. The Complaint as currently pled does not contain facts that show SBA failed to take any discrete action that it was legally required to take and does not allege facts that satisfy the "TRAC" factors for unreasonable delay. The Complaint merely alleges that SBA's "refusal to act constitutes agency action unlawfully withheld and unreasonably delayed under § 706(1)" (ECF ¶ 38) without further explanation or support for the assertion.

Similarly, a plaintiff cannot advance a claim under § 706(2)(A) of the APA unless he identifies a "final agency action." *Oregon Nat. Desert Ass'n v. U.S. Forest Service*, 465 F.3d 977, (9th Cir. 2006) ("To obtain judicial review under the APA, [plaintiff] must challenge a final agency action.") "For an agency action to be final, the action must (1) 'mark the consummation of the agency's decisionmaking process' and (2) 'be one by which rights or obligations have been determined, or from which legal consequences will flow.' " *Id.*, citing *Bennett v. Spear,* 520 U.S. 154 178, (1997). Here, the Complaint does not identify a final agency action that satisfies the test under the APA. In sum, Plaintiff has not described (1) any agency action that was unlawfully withheld or unreasonably delayed under §706(1) or (2) any final agency action that was arbitrary, capricious, an abuse of discretion, or otherwise contrary to law under § 706(2).

For these reasons, Plaintiff's APA allegations "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. In addition, Plaintiff fails to state a claim upon which relief can be granted under the APA. *Robertson,* 749 F.2d at 534. Plaintiff's claim for relief under the APA is dismissed without prejudice. *See Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007) ("Assuming a substantive or jurisdictional defect in the pleadings, dismissal without leave to amend is proper only if it is clear, upon de novo review, that the complaint could not be saved by any amendment.")

//

## V. CONCLUSION

In light of the above, SBA's Motion to Dismiss under Rule 12(b)(1) and under Rule 12(b)(6) is **GRANTED**. Should Plaintiff wish to file an amended complaint curing the deficiencies noted in this Order, he must do so **no later than August 21, 2026**. SBA may then respond within the time prescribed by Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED**.

Dated: July 28, 2026

Honorable Benjamin J. Cheeks
United States District Judge